■ In the Matter of ANTHONY P. and Others, Children Alleged to be Permanently Neglected. APRECIA P., Appellant; CATHOLIC HOME BUREAU FOR DEPENDENT CHILDREN, Respondent. [756 NYS2d 556] —Orders, Family Court, New York County (Jody Adams, J.), entered on or about April 26, 2000, which, to the extent appealed from as limited by the brief, upon findings that respondent mother had permanently neglected the subject children, terminated her parental rights

with respect to Julian P. and Malcolm P. and committed custody and guardianship of those children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence supported Family Court's finding that, despite the agency's exercise of diligent efforts to encourage and strengthen the relationship between respondent mother and her children, respondent neglected the children by failing to plan for their future (*see* Social Services Law § 384-b [7] [a]; *Matter of Sheila G.*, 61 NY2d 368, 373 [1984]). Although respondent's abuse of illicit drugs had caused the children's removal, respondent refused to submit to tests required to verify that her addiction had been successfully treated. She refused to participate in random drug tests, and failed to appear for several scheduled drug tests (*see Matter of Makever Carl B.*, 298 AD2d 303 [2002]; *Matter of Selathia Nicole F.*, 243 AD2d 400 [1997], *lv denied* 91 NY2d 806 [1998]).

The court's termination of respondent's parental rights with respect to Julian P. and Malcolm P. was in the children's best interests (*see* Family Ct Act §§ 623, 631; *Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The evidence adduced at the dispositional hearing showed that while Julian P. and Malcolm P. had bonded with their foster parents they had no comparably positive, meaningful connection to respondent; and since there was evidently no prospect of any such relationship developing in the near term, a suspended judgment would not have been in Julian P. and Malcolm P.'s best interests (*see Matter of Michael B.*, 80 NY2d 299, 311 [1992]).

We have reviewed respondent's remaining points and find them unavailing. Concur—Tom, J.P., Saxe, Rosenberger, Lerner and Marlow, JJ.